## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:
ARTURO GARCIA,                                    Case No.: 17-23250 RBR
    Debtor.                                       Chapter 7
_____/

PAYABILITY COMMERCIAL FACTORS,
LLC, a Texas limited liability company,
    Plaintiff,                                    Adv Case No.:18-01153 RBR
v.

ARTURO GARCIA
    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT

COMES NOW, Defendant, ARTURO GARCIA, hereinafter "GARCIA", by and through undersigned counsel and herein file this his Motion to Dismiss and in support thereof states as follows:

1. This case involves an unsecured business debt stemming from Defendant's small internet business, Dade-Broward Fire Safety, Inc.

2. The business debt arises between Dade-Broward Fire Safety, Inc. and Plaintiff.

3. Defendant disputes any personal liability of the underlying business debt but listed the debt in Schedule F due to the pending lawsuit.

4. The amount listed in Schedule F of the Petition for the underlying debt is $21,409.23, however the current amount is closer to $12,000.00 due to payments received by Plaintiff from third party, Amazon.com.

5. Plaintiff's debt was unliquidated at the time of filing the Bankruptcy case due to a pending state court lawsuit.

6. Plaintiff purchased the future Amazon.com account receivables from Dade-Broward Fire Safety, Inc.

7. Due to numerous customer charge backs, Amazon.com refunded the purchases of Dade-Broward Fire Safety, Inc.'s business customers resulting in a business debt to Plaintiff.

8. Count I of the Complaint fails to state a cause of action under 11 U.S.C. §523(a)(6) in that Plaintiff fails to plead sufficient facts to establish what the specific act was and that GARCIA acted with the deliberate intent to cause willful and malicious harm or injury to Plaintiff

9. In order to present a claim under §523(a)(6) for willful and malicious injury, the Plaintiff must establish (1) willful conduct, (2) malice, and (3) causation. *Kallstrom v. Muchler*, 2007 Bankr. Lexis 4426, Adversary Case No. 06-00095 Middle District of Florida, Tampa Division.

10. The Supreme Court in *Kawaahau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998) held that the word "willful" in § 523 (a)(6) takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.

11. Plaintiff failed to plead sufficient allegations that Defendant acted willfully and maliciously to harm Plaintiff.

12. Count II of the Complaint fails to state a cause of action under 11 U.S.C. § 727(a)(3) in that Plaintiff's allegations merely conclude that Defendant failed to preserve records, more specifically credit card statements and income tax returns.

13. Plaintiff aggressively engaged in discovery of Defendant's financial records in Defendant's main Chapter 7 bankruptcy case.

14. Defendant turned over all documents in his possession.

15. Defendant nor Defendant's prior counsel was able to obtain the complete fours years pre petition credit card statements because the credit card companies closed the accounts once the bankruptcy case was filed.

16. Plaintiff could have obtained the credit card statements directly from third parties.

17. Defendant fully complied with Plaintiff's discovery request in the main bankruptcy case and was ready to attend the 2004 Rule Examination which was coordinated by all parties.

18. Plaintiff scheduled Defendant for a Rule 2004 Examination Duces Tecum for April 16, 2018.

19. Plaintiff chose to voluntarily cancel said Rule 2004 Examination.

20. Defendant did not conceal any tax returns, none existed for the time period requested.

21. The Trustee in this case held and concluded the 341 Meeting of Creditors

22.  Defendant has retained undersigned to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

**WHEREFORE**, Defendant, respectfully requests that this Court enter an Order dismissing the Complaint, awarding attorney's fees and costs and any other relief it deems just and reasonable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   12th   day of June, 2018, a true and correct copy of the foregoing has been furnished via ECF and electronic mail to: Mark Roher, Esquire at mroher@markroherlaw.com.

I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1-(A).

> Law Offices of Samir Masri
> Attorney for Defendant
> 901 Ponce De Leon Blvd., Suite 101
> Coral Gables, FL 33134
> Tel: (305) 445-3422
> smasri@masrilegal.com
>
> By:   *s/ Samir Masri*
>       Samir Masri, Esquire
>       FBN: 145513