**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

ARTURO GARCIA,

      Debtor.

_____/

PAYABILITY COMMERCIAL
FACTORS, LLC,
a Texas limited liability company,

      Plaintiff

vs.

ARTURO GARCIA,

      Defendant

_____/

Case No. 17-23250-RBR

Chapter 7

Adv. No.  18-01153-RBR

## FIRST AMENDED COMPLAINT

Plaintiff, PAYABILITY COMMERCIAL FACTORS, LLC, a Texas limited liability company ("Plaintiff"), by and through undersigned counsel, sues Defendant, Arturo Garcia (the "Debtor") and alleges:

### PARTIES, JURISDICTION AND VENUE

1. The Court has jurisdiction in this proceeding pursuant to 28 U.S.C. §1334(b), §157(b)(2)(I) and 11 U.S.C. §523(c), and Admin. Order 2012-25 of the United States District Court for the Southern District of Florida, referring bankruptcy matters to this court.

2. This is a core proceeding.

2. Plaintiff is a creditor in this case.

3. Defendant is the debtor in this Chapter 7 case and therefore venue is proper.

4.      Debtor filed his petition on October 31, 2017 (the "Petition Date").

5.      Payability is listed in Bankruptcy Schedule F as a creditor of Debtor holding an undisputed unsecured claim [Main Case ECF No. 1].

6.      On December 11, 2017, Payability served its original Notice of Taking Rule 2004 Examination Duces Tecum on the Debtor, requesting documents be produced by December 28, 2017 [Main Case ECF No. 12].

7.      Debtor's counsel requested more time to produce the documents and agreed that the Debtor would produce documents by January 22, 2017.

8.      As such, on January 12, 2018, Payability filed and served upon the Debtor the 2004 Exam Notice, setting the examination for February 7, 2018 at 10:00 p.m. and demanding that documents be produced by January 22, 2018, as agreed.

9.      As of February 2, 2018, Debtor had failed to produce any documents, forcing Payability to file a motion to compel in the main case [Main Case ECF No. 23].

## COUNT I
### [Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(3)]

10.      All allegations in paragraphs 1 through 9 are incorporated by reference in this count.

11.      On January 12, 2018, Plaintiff filed and served its Re-Notice of Taking Rule 2004 Duces Tecum of the Debtor requesting Debtor produce documents recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained (the "Document Request") [Main Case ECF No. 21], a copy of which is attached hereto as Exhibit "A".

12.    On February 20, 2018, Debtor filed and served his Response to the Document Request (the "Response") [Main Case ECF No. 29], a copy of which is attached hereto as Exhibit "B".

13.    As set forth in paragraph 2 of the Response, Debtor failed to produce *any* of his credit card statements in response to the Document Request.

14.    Plaintiff has never received any of the credit card statements from the Debtor.

15.    As set forth in paragraphs 18 and 31 of the Response, Debtor failed to produce *any* of his tax returns for the past 5 years because he allegedly has failed to file *any* tax returns in the past 5 years.

16.    Debtor produced only a very limited amount of the requested bank statements for the 4 years prior to the Petition Date.

17.    Debtor has failed to keep or preserve any recorded information, documents, records or papers, from which the Debtor's business transactions might be ascertained.

18.    Debtor's failure to keep or preserve any recorded information, documents, records or papers was not justified under all of the circumstances of the case.

19.    Accordingly, Debtor should be denied his discharge pursuant to 11 U.S.C. § 727(a)(3).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Debtor, denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), for costs of suit and for such other and further relief as the Court deems just and proper.

## COUNT II
### [Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(5)]

20.    All allegations in paragraphs 1 through 9 and 11 through 19 are incorporated by reference in this count.

21.    The debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

22.    Accordingly, Debtor should be denied his discharge pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Debtor, denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5), for costs of suit and for such other and further relief as the Court deems just and proper.

## COUNT III
### [Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(D)]

23.    All allegations in paragraphs 1 through 9 and 11 through 19 are incorporated by reference in this count.

24.    Item 29 of the Document Request instructed Debtor to produce all documents that he produced to the Chapter 7 trustee in the main case.

25.    Upon information and belief, the Chapter 7 trustee in this case would have, as in all cases, requested the Debtor produce his tax returns for the two calendar years prior to the Petition Date.

26.    Bankruptcy Courts have recognized that "tax returns are essential to orderly administration of debtors' estates because in absence of a return, trustees are asked to blindly

accept the debtor's statements as contained in their schedules." *In re Cobb*, 216 B.R. 686, 680 (Bankr. M.D. Fla. 1998) (citations omitted)

27.     Upon information and belief, Debtor failed to produce any tax returns to the Chapter 7 trustee in this case and has withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

28.     Accordingly, Debtor should be denied his discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Debtor, denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D), for costs of suit and for such other and further relief as the Court deems just and proper.

Dated:  July 14, 2018                    Respectfully Submitted,

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Plaintiff*
5989 Stirling Road
Fort Lauderdale, Florida 33314
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (877) 654-0090

By:___*/s/ Mark S. Roher*_____
          Mark S. Roher
          Florida Bar No. 178098

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2018, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

/s/ *Mark S. Roher*_____
Mark S. Roher

5

Samir Masri on behalf of Debtor Arturo G Garcia
masrilaw@aol.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In re:

ARTURO GARCIA,

      Debtor.

_____/

Case No. 17-23250-RBR

Chapter 7

### RE-NOTICE BY CREDITOR, PAYABILITY COMMERCIAL FACTORS, LLC
### OF TAKING RULE 2004 EXAMINATION DUCES TECUM OF DEBTOR

PAYABILITY COMMERCIAL FACTORS, LLC ("Creditor"), by undersigned counsel, will examine the Debtor, ARTURO GARCIA, under oath on **Wednesday, February 7, 2018 at 10:00 a.m.** at the Law Office of Mark S. Roher, P.A., 101 N.E. Third Ave., Suite 301, Fort Lauderdale, FL 33301, following the production of the documents requested in the attached document requests.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

**The Debtor is directed to produce and deliver to Creditor, c/o Mark S. Roher [mroher@markroherlaw.com], Law Office of Mark S. Roher, P.A., 101 N.E. Third Ave., Suite 1518, Fort Lauderdale, FL 33301, any documents described on the attached Schedule A on or before 5:00 p.m. on January 22, 2018 (as agreed).**

# EXHIBIT "A"

Dated:  January 12, 2018      Respectfully Submitted,

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Payability Commercial Factors, LLC*
101 N.E. Third Ave., Suite 1518
Fort Lauderdale, Florida 33301
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (877) 654-0090

By:___*/s/ Mark S. Roher*_____
      Mark S. Roher
      Florida Bar No. 178098

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 12th day of January, 2018, a true and correct copy of the

foregoing was served by CM/ECF on all parties listed below.

<u>/s/ *Mark S. Roher*_____</u>
Mark S. Roher


Timothy S Kingcade, Esq on behalf of Debtor Arturo G Garcia
scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net;r46540@notify.bestcase.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Mark S. Roher, Esq. on behalf of Creditor Payability Commercial Factors, LLC
mroher@markroherlaw.com,
ecf@markroherlaw.com,markroher@me.com,ecf2@markroherlaw.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

## Schedule "A"

### Definitions

As used in this request, the following words shall be defined as follows:

1)       "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of ARTURO GARCIA, or his agents, employees, joint venturers, attorneys or representatives, including documents which were prepared by ARTURO GARCIA, or his agents, employees, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2)       "You", "Your" and "Debtor" means ARTURO GARCIA, or his agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or

3

subject to the control of ARTURO GARCIA, including any business or business entity in which You have or had an interest in the four (4) year period leading up to and including the Petition Date.

3)    "And" or "Or" shall include the conjunctive as well as the disjunctive.

4)    "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5)    "Petition Date" means October 31, 2017.

### Instructions

1.    List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2.    Identify each withheld document by setting forth:

(a)    the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b)    the date of the document;
(c)    the names of the author and each addressee;
(d)    the name, address and title of the custodian of each document not produced;
(e)    the identity of the person(s) asserting the privilege/protection claimed;
(f)    the identity of the person(s) having knowledge of the information sought;
(g)    the subject matter of the document; and
(h)    the basis upon which the privilege/protection is claimed.

3.    These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for Creditor if and when additional documents or communications relevant to these document requests come into your possession.

4.    Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after October 31, 2013, through and including the present.

**Schedule of Documents to be Produced**

1.      Copies of each of Your current driver's license.

2.      Copies of the account statements for all accounts listed in Your Bankruptcy Schedule F.

3.      An itemized schedule of all real property which You have owned, directly or indirectly, or had an ownership interest, or beneficial interest, in the six (6) year period up to and including the Petition Date, detailing the property address, the legal description, and Your interest therein.

4.      For all properties described in Paragraph 3, copies of all documents reflecting Your ownership interest in said real property, including but not limited to deeds, sales contracts and mortgages and closing statements.

5.      For all properties described in Paragraph 3 that were sold or transferred, either by You or to You, or by or to an entity in which you have or had any type of legal or beneficial interest or by or to any individual, before the Petition Date, an itemized schedule detailing when the real property was transferred or sold, contact information for the transferee, and the amount received for the transfer or sale and copies of all documents evidencing the transfer of the real property including deeds and sales contracts.

6.      For all properties described in Paragraph 3, copies of all account statements reflecting the current loan balance of any and all mortgages or other liens secured by these properties, including by not limited to financial statements prepared by You or on Your behalf that were submitted and any other financial statements produced to mortgage holders.

7.      For all properties described in Paragraph 3, copies of any or all insurance policies and/or binders covering the last four years up to and including the Petition Date.

8.     All documents relating to or evidencing any and all contributions to any retirement plans during the four (4) years prior to the Petition Date thought the present.

9.     Copies of any Documents that relate to any checking, savings, or other financial accounts; certificates of deposits; shares in credit unions, brokerage houses, and other similar institutions over which You have had signature authority (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).

10.     Copies of Your passport.

11.     All insurance binders on any insurance policy obtained on Your personal property for the last four (4) years up to and including the Petition Date.

12.     Credit card statements for each and every credit card in which You are listed as a signatory for the last four (4) years up to and including the Petition Date.

13.     All charge account statements for every charge account listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

14.     All account statements for every line of credit listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

15.     All financial statements, inventories, and schedules reflecting Your assets, liabilities, income and net worth, whether prepared by You or on Your behalf, for the last four (4) years up to and including the Petition Date.

16.     All documents referring to, regarding, or reflecting the nature of the goods or services purchased or obtained with the credit cards and credit line debts incurred by You, including receipts, bills, checks, invoices, and any other documents identifying the goods or services purchased.

17.     Any and all documents in Your possession or obtainable by You that relate to any business in which You have or had an interest for the four (4) year period up to and including the Petition Date.

18.     Tax returns, financial statements, general ledgers, accounts receivable and payable reports for any business in which You have or had an interest for the four (4) year period up to and including the Petition Date.

19.     A schedule of all personal property owned by You or in which You have had an interest of any kind (whether legal or beneficial or a combination thereof) at any time for the (4) years up to and including the Petition Date.

20.     Copies or any rent rolls for any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.

21.     Copies of any leases for any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.

22.     Copies of any communications with any tenant(s) or lessee(s) of any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.

23.     All documents relating to Your transfer of any personal property to any family member of Yours during the four years prior to the Petition Date.

24.     All documents relating to Your transfer of any personal property to an Insider as that term is defined in 11 U.S.C. § 101(31)(A) during the four years prior to the Petition Date.

25.     All documents relating to Your transfer of any real property to an Insider as that term is defined in 11 U.S.C. § 101(31)(A) during the four years prior to the Petition Date.

26.     All documents relating to the businesses listed in item 27 of Your Statement of Financial Affairs.

27.     All documents relating to any source of Your Income for the past four (4) years.

28.     All documents relating to any transfers, other than property transferred within the ordinary course Your financial affairs during the four (4) year period up to and including the Petition Date.

29.     Any and all Documents produced to the Chapter 7 trustee in this matter.

30.     Every personal financial statement that You prepared, delivered, or had delivered, to any person or entity at any time from and after October 31, 2013 to the present.

31.     Your personal income tax returns (U.S. and international) for the last five (5) years, including W-2 forms and 1099, as well as tangible and intangible property tax returns for the last five (5) years.

32.     Your W-2 and/or 1099 forms and any other documents showing Your income for 2017.

33.     Copies of any Documents that relate to any bank accounts not listed in Your Schedule B over which You have had signature authority (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back) from and after October 31, 2013 to the present.

34.     Color photographs and an itemized schedule of all of Your household goods and furnishings.

35.     Color photographs and an itemized schedule of all personal property of Yours.

36.     Color photographs and an itemized schedule of the jewelry listed on line 12 of Schedule B and valued at $50.00 and copies of any documents that support the scheduled valuation.

37.     All insurance binders on any insurance policy obtained on Your personal property for the last four (4) years up to and including the Petition Date.

38.     Any and all documents related to any vehicle(s) that You have used in the past four (4) years including but not limited to the vehicle(s) which you drive regularly or have driven regularly (more than 3 times a week), which establish the year, make and model of the vehicle(s), including but not limited to the title, registration, proof of insurance, loan statements and payoff amount for said vehicle loan, if any, as of the Petition Date and as of the date of Your 2004 Examination.

39.     Documentation reflecting or relating to your ownership in any other vehicle, for the four (4) year period leading up to and including the Petition Date.

40.     Credit card statements for each and every credit card in which You are listed as a signatory for the last four (4) years up to and including the Petition Date.

41.     All charge account statements for every charge account listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

42.     All account statements for every line of credit listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

43.     All financial statements, inventories, and schedules reflecting Your assets, liabilities, income and net worth, whether prepared by You or on Your behalf, for the last four (4) years up to and including the Petition Date.

9

44.     All documents referring to, regarding, or reflecting the nature of the goods or services purchased or obtained with the credit card and credit line debt incurred by You, including receipts, bills, checks, invoices, and any other documents identifying the goods or services purchased.

45.     A schedule of all personal property owned by You or in which You have had an interest of any kind (whether legal or beneficial or a combination thereof) at any time for the two year (2) year period up to and including the Petition Date.

46.     All documents showing the source of funds used to pay Your bankruptcy attorney the $2,525.00 as listed in Item 16 of Your Statement of Financial Affairs.

Dated:  January 12, 2018        Respectfully Submitted,

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for PAYABILITY COMMERCIAL FACTORS, LLC.*
101 N.E. Third Ave., Suite 1518
Fort Lauderdale, Florida 33301
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (877) 654-0090

By:___*/s/ Mark S. Roher*_____
        Mark S. Roher
        Florida Bar No. 178098

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of December 2017, a true and correct copy of the foregoing was served by CM/ECF on all parties receiving notice by this method.

/s/ *Mark S. Roher*_____
Mark S. Roher

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

In re:

**ARTURO GARCIA,**

Case Number 17-23250-RBR
Chapter 7

Debtor.

_____/

### DEBTOR'S VERIFIED RESPONSE TO PAYABILITY COMMERCIAL FACTORS, LLC'S REQUEST FOR DOCUMENTS PURSUANT TO RE-NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM*

**ARTURO GARCIA** ("Debtor"), by and through undersigned counsel, provides this *Verified Response to Payability Commercial Factors, LLC's Request for Documents Pursuant to Re-Notice of Taking Rule 2004 Examination Duces Tecum* [D.E. 21] and in response to the documents requested in the *duces tecum* states as follows:

1. On February 2, 2018, the Debtor produced his driver's license to the Creditor.

2. The Debtor ordered all credit card statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

3. The Debtor has not owned real property in the past six years.

4. The Debtor has not owned real property in the past six years.

5. The Debtor has not owned real property in the past six years.

6. The Debtor has not owned real property in the past six years.

7. The Debtor has not owned real property in the past six years.

8. The Debtor has not had a retirement plan in the last four years.

9. Bank Statements: Production of the bank statements was delayed because the Debtor had to order the requested bank statements from each bank. It took several weeks and several phone calls for the banks to produce the requested statements. The Debtor does not use checks to make payments.

    a. Citibank Checking #0059: On February 2, 2018, all responsive bank statements

# EXHIBIT "B"

were turned over.

b. TD Bank Checking #7202: On February 2, 2018, all responsive bank statements were turned over.

c. US Bank Checking #0332: On January 31, 2018, bank statements from July 25, 2017 through October 31, 2017 were turned over. On February 2, 2018, bank statements from May 20, 2017 through December 21, 2017 were turned over.

d. US Bank Checking #3927: On January 31, 2018, all responsive bank statements were turned over.

e. Wells Fargo Checking #8506: On February 7, 2018, all responsive bank statements were turned over.

f. Chase Checking #8813: On February 7, 2018, all responsive bank statements were turned over.

g. Chase Checking #7636 (business account): On February 2, 2018, all responsive bank statements were turned over.

h. Chase Checking #9252 (business account): On February 2, 2018, all responsive bank statements were turned over.

i. Chase Checking #1206 (business account): On February 2, 2018, all responsive bank statements were turned over

j. Chase Checking #6360 (business account): On January 31, 2018, all responsive bank statements were turned over.

10. The Debtor does not have a passport.

11. All insurance binders have been produced.

12. The Debtor ordered all credit card statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

13. The Debtor ordered all charge account statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

14. The Debtor ordered all line of credit statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

15. On February 2, 2018, the Debtor gave access to the Debtor's business QuickBooks program. On February 7, 2018, the Debtor produced a backup file for his QuickBooks files. Inventory list and Schedules reflecting the Debtor's assets were filed on October 31, 2017.

16. The Debtor does not have any documents reflecting the nature of the goods or services purchased or obtained with the credit cards and credit line debts he has incurred in his possession, custody or control.

17. On February 2, 2018, the Debtor turned over all documents in his possession, custody or control that related to his business including his QuickBooks files and bank statements.

18. The Debtor has not filed tax returns in over 5 years. Financial statements, general ledgers, accounts receivable and payable report for any business the Debtor owned were turned over via his QuickBooks files.

19. All personal property was listed on the Debtor's inventory. For any personal property (vehicles) that the Debtor no longer has in his possession, the Debtor has provided a detailed explanation as to why the property is no longer in his possession. The Debtor does not have additional documents in his possession, custody or control.

20. The Debtor has not owned real property in the last four years.

21. The Debtor has not owned real property in the last four years.

22. The Debtor has not owned real property in the last four years.

23. The Debtor has not transferred any personal property to any family member during the four years prior to the Petition Date.

24. The Debtor has not transferred any personal property to an insider during the four years prior to the Petition Date.

25. The Debtor has not transferred any real property to an insider in the past four years prior to filing Bankruptcy.

26. On February 2, 2018, the Debtor provided all documents in his possession, custody or control related to the Business.

27. The only documents the debtor has in his possession, custody or control that are related to his source of income are his bank statements and QuickBooks files which have already been produced.

28. The Debtor has not transferred property in the past four years, other than property transferred in the ordinary course of business.

29. On January 31, 2018 and February 2, 2018, the production of documents to Payability Commercial Factors, LLC included all documents produced to the Chapter 7 Trustee.

30. On February 2, 2018, all financial statements that the Debtor has had in his possession, custody or control were produced.

31. The Debtor has not filed tax returns in the past five years.

32. On February 7, 2018, the Debtor produced his 1099 for 2017.

33. All bank statements have been produced and an amendment was filed on February 12, 2018 for any bank account that was not included in the original Petition.

34. On January 31, 2018, all photographs of the Debtor's household goods and furnishings were produced.

35. On January 31, 2018, all photographs of the Debtor's personal property were produced.

36. On January 31, 2018, all photographs of the Debtor's jewelry were produced.

37. On February 2, 2018, the Debtor produced all insurance binders.

38. On February 2, 2018, the Debtor produced all documents related to his vehicles.

39. On February 2, 2018, the Debtor produced an explanation of any vehicle he has had in the past four years leading up to the petition date and no longer has possession of.

40. The Debtor ordered all credit card statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

41. The Debtor ordered all charge card statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

42. The Debtor ordered all line of credit statements. As of today, the Debtor has not received any statements from any account listed on Schedule F. On February 4, 2018, Debtor's

Counsel ordered all account statements listed on Schedule F on the Debtor's behalf. As of today, Debtor's Counsel has not received any statements from the Debtor's creditors.

43. On February 2, 2018, the Debtor gave access to the Debtor's business QuickBooks program. On February 7, 2018, the Debtor produced a backup file for his QuickBooks files. Inventory list and Schedules reflecting the Debtor's assets were filed on October 31, 2017.

44. The Debtor does not have any documents reflecting the nature of the goods or services purchased or obtained with his credit cards and credit line debts he has incurred in his possession, custody or control.

45. An inventory list was filed on October 31, 2017. The Debtor has not transferred any assets in the last two years.

46. The Debtor used income he received from his employer to pay for his bankruptcy.

## DEBTOR'S VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct on February 20, 2018.

_____
Debtor—Arturo Garcia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 20th day of February 2018 via Regular U.S. mail to Arturo Garcia, Debtors, 5802 Jefferson St, Hollywood, Fl. 33023, and via CM/ECF to Mark Roher, Counsel for Payability Commercial Factors, LLC.

| | |
|---|---|
| CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B) | **KINGCADE & GARCIA, P.A**<br>Counsel for the Debtor<br>Kingcade Building<br>1370 Coral Way • Miami, Florida 33145-2960<br>Telephone: 305-285-9100 • Facsimile: 305-285-9542 |
| I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A). | /s/ Timothy S. Kingcade<br>x  Timothy S. Kingcade, Esq., FBN 082309<br>□  Wendy Garcia, Esq., FBN 0865478<br>□  Jessica L. McMaken, Esq., FBN 580163 |