UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ARTURO GARCIA,

    Debtor.
_____/

Case No. 17-23250-RBR

Chapter 7

PAYABILITY COMMERCIAL
FACTORS, LLC,
a Texas limited liability company,

    Plaintiff

vs.

ARTURO GARCIA,

    Defendant
_____/

Adv. No. 18-01153-RBR

**PLAINTIFF'S RESPONSE TO MOTION
TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 19]**

    Plaintiff, Payability Commercial Factors, LLC, a Texas limited liability company ("Plaintiff"), by and through undersigned counsel, files this Response to the Motion to Dismiss First Amended Complaint (the "Motion") [ECF No. 19] filed by Defendant, Arturo Garcia (the "Debtor"), as follows:

**A.    Relevant Background**

    1.    On July 14, 2018, Plaintiff filed its First Amended Complaint (the "Complaint") [ECF No. 12].

    2.    On August 27, 2018, Debtor filed a Motion to Dismiss First Amended Complaint (the Motion") [ECF No. 19].

1

3. The Motion fails to cite any legal authority and ignores the standards for motions to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ____, ____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. at 1949(citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, 127 S.Ct. 1955). ***In other words, the relevant question for purposes of a motion to dismiss under Rule 12(b)(6) is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible***." *Ashcroft v. Iqbal*, 129 S.Ct. at 1959(quoted in *In re Bill Heard Enterprises, Inc.*, 406 B.R. at 102).

*In re Luca*, 422 B.R. 772, 775 (Bankr. M.D. Fla. 2010) (emphasis added)

> [S]tating such a claim requires a complaint with enough factual matter (taken as true)" "to raise a right to relief above the speculative level," i.e., the complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "**A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. **A "well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of those facts is improbable, and `that a recovery is very remote and unlikely**.'" *Bell Atl. Corp.*, 550 U.S. at 556, 127 S.Ct. 1955.

*In re Thomas*, 554 B.R. 512, 518 (Bankr. M.D. Ala. 2016) (emphasis added)

4. In paragraphs 11-16 of the First Amended Complaint [ECF No. 12], Plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". Counts II and III of the First Amended Complaint incorporate be reference these very same paragraphs.

5. Moreover, Defendant fails to cite even one single case in the Motion and instead, argues matters outside the four corners of the complaint.

6.   "In considering a motion to dismiss, a court is generally limited to the four corners of the complaint." *In re Massa Falida Do Banco Cruzeiro Do Sul S.A.*, Case No. 14-22974-BKC-LMI, Adv. Pro. No. 16-01615 (Bankr. S.D. Fla. March 23, 2017) (citing Halmos v Bomardier (sic) Aerospace Corp., 404 F. App'x 376, 377 (11th Cir 2010).

7.   The vast majority of the Motion argues about issues outside the four corners of the Complaint and is simply legally insufficient

8.   The Motion is simply a bad faith delay tactic because the First Amended Complaint falls within the appropriate pleading standard cited above.

9.   As such, the Motion should be denied.

**WHEREFORE**, Plaintiff, Payability Commercial Factors, LLC respectfully requests that the Court enter an order denying the Motion and awarding such other and further relief as the Court deems just and proper.

Dated:  September 24, 2018

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Plaintiff*
150 S. Pine Island Road, Suite 300
Plantation, FL 33324
Email:  mroher@markroherlaw.com
Telephone: (954) 353-2200
By:   */s/ Mark S. Roher*
    Mark S. Roher
    Florida Bar No. 178098

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on the parties listed below on September 24, 2018.

                                      */s/ Mark S. Roher*
                                      Mark S. Roher

Samir Masri on behalf of Debtor Arturo G Garcia
masrilaw@aol.com
Facsimile:  (305) 204-9303

4