United States Bankruptcy Court
Southern District of Florida

Payability Commercial Factors, LLC,
       Plaintiff

Adv. Proc. No. 18-01153-RBR

Garcia,
       Defendant

## CERTIFICATE OF NOTICE

```
District/off: 113C-0          User: groomsd              Page 1 of 1              Date Rcvd: Oct 17, 2018
                              Form ID: pdf005            Total Noticed: 10
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2018.
```
ust            +United States Trustee - FTM7/13,   Timberlake Annex, Suite 1200,    501 E Polk Street,
                 Tampa, FL 33602-3949
ust            +United States Trustee - TPA7/13,   Timberlake Annex, Suite 1200,    501 E Polk Street,
                 Tampa, FL 33602-3949
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust            +E-mail/Text: USTPRegion21.MM.ECF@usdoj.gov Oct 18 2018 01:44:14      Office of the US Trustee,
                 51 S.W. 1st Ave.,    Suite 1204,    Miami, FL 33130-1614
ust            +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV Oct 18 2018 01:44:28      U.S. Trustee,
                 Office of the United States Trustee,    J. Caleb Boggs Federal Building,
                 844 King Street, Suite 2207,    Lockbox 35,    Wilmington, DE 19801-3519
ust            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 18 2018 01:44:28      U.S. Trustee.,
                 US Dept of Justice,    Office of the US Trustee,    One Newark Center Ste 2100,
                 Newark, NJ 07102-5235
ust            +E-mail/Text: ustpregion21.at.ecf@usdoj.gov Oct 18 2018 01:44:15
                 United States Trustee (cabrera),    Office of the United States Trustee,
                 75 Ted Turner Dr., Suite 362,    Atlanta, GA 30303-3330
ust            +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Oct 18 2018 01:43:53
                 United States Trustee (davis),    Office of the United States Trustee,
                 George C Young Federal Building,    400 West Washington Street, Suite 1100,
                 Orlando, FL 32801-2210
ust            +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Oct 18 2018 01:43:53
                 United States Trustee - (ennever),    Office of the United States Trustee,
                 George C Young Federal Building,    400 West Washington Street, Suite 1100,
                 Orlando, FL 32801-2210
ust            +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Oct 18 2018 01:43:53
                 United States Trustee - ORL,    Office of the United States Trustee,
                 George C Young Federal Building,    400 West Washington Street, Suite 1100,
                 Orlando, FL 32801-2210
ust            +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Oct 18 2018 01:43:53
                 United States Trustee - ORL7/13,    Office of the United States Trustee,
                 George C Young Federal Building,    400 West Washington Street, Suite 1100,
                 Orlando, FL 32801-2210
                                                                                              TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust*           +United States Trustee - ORL7/13,    Office of the United States Trustee,
                 George C Young Federal Building,    400 West Washington Street, Suite 1100,
                 Orlando, FL 32801-2210
                                                                                TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2018                                 Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2018 at the address(es) listed below:
```
              Mark S. Roher, Esq.    on behalf of Plaintiff    Payability Commercial Factors, LLC
               mroher@markroherlaw.com,    ecf@markroherlaw.com,markroher@me.com,ecf2@markroherlaw.com
              Samir  Masri    on behalf of Defendant Arturo  Garcia masrilaw@aol.com
                                                                                             TOTAL: 2
```



**ORDERED in the Southern District of Florida on October 16, 2018.**

Raymond B. Ray, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Fort Lauderdale Division

In re:

ARTURO GARCIA,                                      Case No. 17-23250-RBR

    Debtor.                                           Chapter 7
_____/

PAYABILITY COMMERCIAL FACTORS,           Adv. Case No. 18-01153-RBR
LLC, a Texas limited liability company,

    Plaintiff,
v.

ARTURO GARCIA,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ARTURO
GARCIA'S MOTION TO DISMISS [D.E. 19]**

    **THIS MATTER** came before the Court for a hearing on September 26, 2018, upon Defendant Arturo Garcia's (the "Defendant") *Motion to Dismiss* [D.E. 19], Plaintiff Payability Commercial Factors LLC's, (the "Plaintiff") *First Amended Complaint* [D.E. 12] (the "Amended Complaint"), and Plaintiff's *Response to Motion to Dismiss First Amended Complaint* [D.E. 23].

**Factual Background**

Plaintiffs initiated the above styled adversary proceeding on April 22, 2018 upon the filing of their original *Complaint*. [D.E. 1][1]. Plaintiff filed their Amended Complaint on July 14, 2018. [D.E. 12]. Plaintiff's Amended Complaint asserts three counts against Defendant. Count I objects to Defendant's discharge pursuant to § 727(a)(3) for an alleged failure to preserve financial information. [D.E. 2-3]. Plaintiff's Amended Complaint alleges that Defendant has failed to produce any of the financial information that Plaintiff requested during discovery.[2] [D.E. 12, 2-3].Count II objects to Defendant's discharge pursuant to § 727(a)(5). Count III objects to Defendant's discharge pursuant to § 727(a)(4)(D). Plaintiff's Amended Complaint alleges "Debtor failed to produce any tax returns to the Chapter 7 trustee in this case and has withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers relating to the debtor's property or financial affairs." [D.E. 12, 5].

Defendant filed their Motion on August 27, 2018. [D.E. 19] Defendant's Motion seeks to dismiss all Counts for failure to state a claim. [D.E. 19]. Defendant avers that Defendant has turned over all financial records in Defendant's possession. [D.E. 19, 2].

**Conclusions of Law**

To survive a motion to dismiss, a complaint must "state a plausible claim for relief". *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In the Eleventh Circuit, "a complaint is plausible on

---

[1] Docket entries refer to docket entries in the adversary proceeding 18-01153-RBR unless otherwise indicated.
[2] Plaintiff has requested credit card statements, federal tax returns for the prior five years and bank statements. [D.E. 12, 3].

2

its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018). In making this determination, the Court will "accept the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Id.* (internal citations omitted). The Court's review of the pleadings is "limited to the four corners of the complaint and any documents referred to in the complaint which are central to the claim." *Nationwide Advantage Mortg. Co. v. Federal Gaur. Mortg. Co.*, 2010 WL 2652496, *2 (S.D. Fla. 2010).

Fed. R. Civ. P. (9)(b) provides a heightened standard of pleading for claims of fraud and conspiracy. Fed. R. Civ. P. (9)(b). The "… party must state with particularity the circumstancing constituting the fraud or mistake." *Id.* Fed. R. Civ. P. (9)(b) is made applicable to adversary proceedings through Fed. R. Bankr. P. 7009. Fed. R. Bankr. P. 7009.

### A. Count I States a Claim Under 11 U.S.C. 727(a)(3)

A complaint must state a plausible claim for relief. *Iqbal,* 556 U.S. at 679. To be plausible the complaint must enable the court to make "a reasonable inference that the defendant is liable for the misconduct alleged." *Gates*, 885 F.3d at 1296. To object to a debtor's discharge under § 727(a)(3), the plaintiff must show that the debtor "concealed, destroyed … or failed to keep or preserve any recorded information…from which the debtor's financial condition or business transactions may be ascertained, unless such act or failure was justified…" 11 U.S.C. § 727(a)(3).

Here, Plaintiff has alleged that Defendant has failed to keep certain financial records from which the Defendant's business transactions may be ascertained. Plaintiff specifically alleges a failure to maintain bank statements, credit card statements and tax records. [D.E. 12, 2-3].

Defendant's Motion states that the records requested by Plaintiff do not exist.  At the motion to dismiss stage, the Court must take the factual allegation stated in the Amended Complaint as true. 885 F.3d at 1296.  When taken as true, the facts alleged by Plaintiff's Amended Complaint are sufficient to state a claim under 11 U.S.C. § 727(a)(3).

B. **Count II Fails to State a Claim Under § 727(a)(5)**

Conclusory allegation are not sufficient to survive a motion to dismiss. *See*: *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)("…a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")(internal citations and quotations omitted).  Here, Plaintiff's Amended Complaint simply restates that Defendant has "failed to explain satisfactorily, before determination of denial of discharge under this paragraph [§ 727(a)(5)], any loss of assets or deficiency of assets to meet the debtor's liabilities." [D.E. 12, 4].  However, Plaintiff's Amended Complaint does not state what assets Defendant is alleged to have lost.  The Amended Complaint contains no facts to support a claim under § 727(a)(5) and such a "formulaic recitation of the elements of a cause of action will not do." *Id.*  Therefore, Count II of Plaintiff's Amended Complaint will be dismissed for failure to state a claim.

C. **Count III Fails to State a Claim under § 727(a)(4)(D)**

§ 727(a)(4)(D) requires that the conduct in question be done "…knowingly and fraudulently…" 11 U.S.C. § 727(a)(4).  Accordingly, the heightened pleading standard under Fed. R. Civ. P. (9)(b) is applicable.  Fed. R. Bankr. P. 7009.  Plaintiff's Amended Complaint is not only devoid of any facts, which "state with particularity the circumstances constituting fraud or mistake…", but contains no allegations of fraud whatsoever.  Fed. R. Civ. P. 9(b).  Therefore,

4

Count III will be dismissed for failure to state a claim.

Accordingly, it is

**ORDERED** as follows:

1. The Motion [D.E. 19] is **GRANTED in part**

2. The Court shall **DISMISS** Counts II and III of Plaintiffs' Amended Complaint [D.E. 12] without prejudice.

###

*The Clerk shall provide copies to:*
Samir Masri, Esq
[Attorney Masri is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.]