**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:
ARTURO GARCIA,                                    Case No.: 17-23250 RBR
    Debtor.                                       Chapter 7
_____/
PAYABILITY COMMERCIAL FACTORS,
LLC, a Texas limited liability company,
    Plaintiff,                                    Adv Case No.:18-01153 RBR
v.

ARTURO GARCIA
    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF ITS FIRST AMENDED COMPLAINT**

Debtor, ARTURO GARCIA, by and through undersigned counsel herein files this Response to Plaintiff's Motion for Summary Judgment On Count I of Its First Amended Complaint [DE 34] and in support thereof state as follows:

**I.    SUMMARY JUDGMENT STANDARD**

1. Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits and other record evidence, as viewed in the light most favorable to the non-moving party, show no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).

**II.    FACTS**

2. On  October 31, 2017,   Debtor filed a petition for relief under Chapter 7 of Title 11 of the U.S. Code in the above styled main case, hereinafter "Main Case."

3. Plaintiff is listed as a unsecured creditor in Schedule F of the Petition in the total amount of $21,409.23.

4. Plaintiff's unsecured debt stems from a factoring business loan between Debtor's small internet business, Dade-Broward Fire Safety, Inc., hereinafter the "Business" and Plaintiff entered

on or about April 16, 2017.

5. Defendant's Business paid the factoring loan on a daily basis by automatic withdrawals from the Business bank account.

6. The Business's sales declined over the life of the loan due to customer chargebacks resulting in insufficient revenues to cover the automatic daily loan payment withdrawals from the Business bank account.

7. At the time of filing the Main Case, Plaintiff garnished, the Business' online Amazon account in the amount of $4,299.00 (as listed in Schedule B of the Petition) further reducing the balance of the factoring loan.

8. At the inception of the Main Case, Debtor disclosed in item 28 in Schedule B of the Petition [Main Case DE 1] that Debtor has not filed income tax returns for over five (5) years.

9. Defendant did not conceal any tax returns as none existed for the time period requested.

10. Defendant has not concealed nor misrepresented his financial condition.

11. Although having notice, Plaintiff nor Plaintiff's representative appeared at the 341 Meeting of Creditors to inquire of the Defendant/Debtor.

12. Defendant provided financial documents to the Chapter 7 Trustee prior to the 341 Meeting of Creditors. The documents provided to the Trustee did not contain tax returns but were more than sufficient for the Trustee to ascertain Defendant's financial condition in compliance with §727(a)(3).

13. On December 11, 2017, Trustee Kenneth Welt conducted the 341 Meeting of Creditors and concluded the meeting by issuing a report of No Distribution, [DE 13] in the Main Case.

14. On January 12, 2018, Plaintiff filed a Notice of Taking Rule 2004 Examination Duces Tecum [DE 22] in the Main Case.

15. On February 20, 2018, Defendant/Debtor filed a Verified Response to Plaintiff's Request for Documents detailing all the documents that Defendant produced. [Main Case DE 29].

16. Defendant/Debtor produced financial records for the Business such as the QuickBooks accounting files and business bank statements for the business bank accounts. The QuickBooks accounting records and the bank statements reflect the business' transactions. *See Debtor's Verified Response to Plaintiff's Payability Commercial Factors, LLC's Request for Documents, [Main Case DE 29] and Defemdamt's Affidavit in Support of this Response.*

17. Defendant also produced personal bank statements for all personal bank accounts, photographs of Defendant's personal property and jewelry, documents related to Defendant's vehicles.

18. Defendant turned over all documents in his possession.

19. On March 27, 2018, Plaintiff and Defendant entered into an Agreed Order Granting in Part, Plaintiff's Amended Motion to Compel [Main Case DE 66], hereinafter, "Agreed Order."

20. Pursuant to the Agreed Order, Defendant complied with Plaintiff's discovery request in the main bankruptcy case and Defendant was ready to attend the 2004 Rule Examination which was coordinated by all parties in order to answer any questions regarding Defendant's financial situation.

21. Plaintiff elected to cancel the Rule 2004 Examination and not examine the Defendant/Debtor in the main case.

22. Plaintiff has not taken the Defendant's examination in the instant adversary case.

23. On April 22, 2018, Plaintiff filed an Adversary Complaint in this case.

24. On July 16, 2018, this Court entered an Order Granting Debtor's Motion to Dismiss Complaint, [DE 13].

25. On July 14, 2018, Plaintiff filed the First Amended Complaint.

26. On October 17, 2018, this Court entered an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [DE 27] dismissing two out of the three counts of the First Amended Complaint.

27. The sole remaining count in the First Amended Complaint is Count I objecting to Defendant's discharge pursuant to 11 U.S.C. §727(a)(3) on the sole basis that Defendant has not filed tax returns.

28. Defendant filed an Amended Answer to the First Amended Complaint [DE 44].

## III. ARGUMENT

29. Plaintiff's Motion for Summary Judgment must be denied as there are genuine issues of material facts precluding summary judgment in that Defendant produced financial documents both personal and business that enabled the Chapter 7 Trustee and Plaintiff to ascertain Defendant's financial condition. The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc., v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).

30. The heart of the Bankruptcy Code's fresh start provision is §727. To object to Debtor's discharge under §727(a)(3), Plaintiff must show that the debtor, "concealed, destroyed, mutilated, falsified, or failed to keep or preserve *any* recorded information . . . from which the debtor's financial condition or business transactions may be ascertained, unless such act or failure was justified . . ." *11 U.S.C §727(a)(3) Emphasis added*.

31. Pursuant to FRBP 4005, an objector to discharge bears the burden of proving grounds for denial of discharge. The Plaintiff has the burden of proof on all matters by a preponderance of the evidence, see *Grogan v. Garner*, 498 US 279 (1991); *Jennings v.Maxfield ( In Re Jennings)*, 533 F.3d 1333 (11th Cir. 2008). Because denial of a debtor's discharge "imposes an extreme penalty for wrongdoing." §727 "must be construed strictly and against those who object to a debtor's discharge and "liberally in favor of the bankruptcy." *State of India v. Chalasani ( In re Chalasani), 92 F.3d 1300, 1310 (2d Cir. 1992)*.

32. To sustain an objection to a discharge under §727(a)(3), the Plaintiff must show either (a) a failure by the debtor to keep or preserve any recorded information, including books, documents, record and papers, *or* (b) an act of destruction, mutilation, falsification or concealment of any recorded information including books, documents, records and papers by the debtor or someone acting for the debtor, <u>and</u> that the failure to keep such books or records or the act complained of renders it impossible to ascertain the financial condition and material business transactions of the Debtor. *The Cadle Company of Connecticut, Inc. v. John E. Benevento,* United States Bankruptcy Court Southern District of Florida Adversary Case 11-0100 EPK (page 21) citing *Menotte v. Moore (In re Moore),* 375 B.R. 696, 702 (Bankr. S.D. Fla. 2007).

33. Although Plaintiff entered into a factoring loan with Defendant's Business and Plaintiff relied on the Business' finances merely six months prior to the filing of the Chapter 7 Case, Plaintiff has now alleged that Defendant failed to keep any financial records from which the Defendant's business transactions may be ascertained. *See Paragraph 17 of the First Amended Complaint*. Debtor, pursuant to Plaintiff's Request for Documents in the Main Case, produced the business QuickBooks accounting files which contains the Business' financial information including general ledgers, financial statements, account receivables and account payables. Defendant also produced the business bank statements and personal bank statements all of which are more than sufficient to ascertain the Defendant's financial condition. *See Defendants Affidavit in Support of this Response.*

34. If Plaintiff or its counsel is unable to "ascertain" the Defendant's financial condition then the failure lies with Plaintiff or the failure to ascertain is merely a self serving statement by Plaintiff to create an impression of deficiency.

35. Plaintiff has failed to show that the lack of financial records makes it impossible to ascertain debtors' financial condition as required by §727(a)(3). Plaintiff's Motion for Summary Judgment alleges as the sole basis in support of its §727(a)(3) claim, that Defendant has failed to

produce any tax returns. In the main case, Defendant produced the QuickBooks files containing the financial records of the Business along with the Business bank statements and personal bank statements. Defendant also produced other requested documents. Defendant produced sufficient financial documents to enable the Plaintiff to ascertain the Debtor's financial condition and material business transactions. There has not been any allegation that the Defendant misrepresented any financial information on his Bankruptcy Petition and Schedules. Furthermore, Plaintiff fails to show that the lack of tax returns makes it impossible to ascertain the financial condition of the Defendant and thus, Plaintiff has failed to meet the required elements of §727(a)(3).

36. Plaintiff relies on two cases with facts that are clearly distinguishable to the instant case. The first case which Plaintiff relies on is, *In the Matter of Wilson*, 33 B.R. 689, 691 (Bankr. M.D. Ga. 1983). The *Wilson* case involves an accountant debtor that was specially trained in the field of accounting, was certified by the state as having education and experience in accounting, and practiced as an accountant for approximately eighteen (18) years, and who did not maintain business records that ascertained the finances of the business. The debtor also allegedly made false statements at the 341 Meeting of Creditors. The *Wilson* Court held the debtor accountant to a higher level of duty in maintaining books and records due to his sophistication and training and therefore, the debtor's discharge was denied.

37. In this case, Defendant, without any specialized training or sophistication, ran a small business selling fire extinguishers. Defendant maintained the Business books and record through QuickBooks which was provided to the Plaintiff along with the business and personal bank statements. The documents provided are more than sufficient to ascertain the Defendant's financial condition. Furthermore, the Defendant has not concealed any financial information or made any false statements. In fact, the Chapter 7 Trustee held and concluded the 341 Meeting with a report of no distribution.

38. Secondly, Plaintiff relies on *In re Weisenfeld*, Case no 08-22389 BKC AJC. The *Weisenfeld* case was initiated by creditors' filing of an involuntary Chapter 7 Case, against a debtor who was a disbarred attorney and a convicted felon. The debtor was convicted of wire fraud and sentenced to federal prison. The debtor admittedly failed to disclose accurate information on his petition schedules by failing to disclose transfers of money, sale of property, surrender of stocks, proceeds from the refinancing of his home, unscheduled bank account and failed to explain how the debtor maintained his ongoing monthly expenses without disclosing any income. The debtor also failed to maintain not only tax returns but *any* business records for his law firm. The *Weisenfeld* case goes on to cite factors which may be considered by the court in making factual determination such as debtors' education, the sophistication of the debtor, debtor's business experience, the size and complexity of debtor's business, debtor's personal financial structure, and any special circumstances that may exist. *Id*. Furthermore, the debtor in the *Weisenfeld* case admitted that he failed to disclose in his Bankruptcy schedules accurate information concerning his financial condition. The *Weisenfeld* Court found that the debtor, a former attorney, engaged in a pattern of concealment or at the very least reckless indifference for the truth, and failed to maintain any accurate and complete books and records including tax returns to ascertain the true financial condition of the debtor. The *Weisenfeld* Court held the disbarred lawyer to a higher standard of conduct and found the lawyer's conduct to be egregious.

39. The facts are very distinguishable from the instant case. The ultimate goal of §727(a)(3) is to distinguish between the honest debtor, who should be granted the privilege of a discharge and the abusive or unworthy debtor who does not deserve such benefit. In the instant case, Defendant voluntarily filed for bankruptcy relief and accurately represented the information in the Petition, Schedules, and Statements of Financial Affairs. Defendant provided Trustee Kenneth Welt with documents which were also produced to the Plaintiff. The Chapter 7 Trustee examined the Defendant at the 341 Meeting of Creditors and concluded the meeting by issuing a

Report of No Distribution. No other creditors appeared to question the Defendant. Furthermore, Defendant in this case produced financial document, sufficient to enable Plaintiff to ascertain the Defendant's financial condition.

40. Plaintiff's Motion for Summary Judgment for the first time cites 11 U.S.C. §521(e)(2)(A) as a basis for a denial of discharge. However, Plaintiff has not raised this §521 argument prior to the Motion for Summary Judgment nor is it part of a cause of action in Plaintiff's First Amended Complaint and therefore, not appropriately raised in a Motion for Summary Judgment. In an abundance of caution, Defendant will address Plaintiff's argument.

41 First, §521(e)(2)(A) is not a legal basis for a denial of discharge as it is not part of 11 U.S.C. §727. In fact, no where in §727 does it state that not having tax returns is an automatic denial of discharge. Plaintiff was well aware that Defendant did not have tax returns, Defendant stated as such in Schedule B of the Petition at the inception of the main case. Plaintiff never raised any objections under §521 at any time in the main case nor in its First Amended Complaint and merely attempts to tie it into §727(a)(3) in its Motion for Summary Judgment. Secondly, the Chapter 7 Trustee never raised an objection under §521 as the Trustee was satisfied with Defendant's financial information and answers at the 341 Meeting of Creditors and concluding the 341 Meeting with a Report of No Distribution. The Plaintiff's §521 argument is both untimely and not relevant to a §727 cause of action.

IV.   **CONCLUSION**

42. The Plaintiff has failed to show that there are no genuine issues of material facts in that Plaintiff has failed to show that Defendant has failed to produce any financial documents rendering it impossible to ascertain the financial condition and material business transactions of the Defendant. Defendant has produced sufficient financial documents to both the Chapter 7 Trustee and Plaintiff to ascertain Defendant's financial condition in compliance with §727(a)(3).

**WHEREFORE**, Defendant, ARTURO GARCIA, respectfully requests entry of an

Order denying Plaintiff's Motion for Summary Judgment and any further relief this Court deems just and reasonable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __14th__ day of February, 2019 a true and correct copy of the above and foregoing was delivered via ECF to: Mark Roher, Esquire at mroher@markroherlaw.com I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

        **LAW OFFICES OF SAMIR MASRI**
        Attorney for Defendant, Arturo Garcia
        901 Ponce De Leon Boulevard, Suite 101
        Coral Gables, Florida 33134
        Tel: (305) 445-3422

By: ___*s/ Samir Masri*___
        Samir Masri, Esquire
        FBN: 145513