

ORDERED in the Southern District of Florida on April 4, 2019.

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

ARTURO G. GARCIA,                                           Case No. 17-23250-RBR

    Debtor(s).                                           Chapter 7
_____/

PAYABILITY COMMERCIAL FACTORS, LLC,

    Plaintiff(s).

v.                                                          Adv. Proc. No. 18-01153-RBR

ARTURO GARCIA,

    Defendant(s).
_____/

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT [D.E. 34]

THIS MATTER came before the Court for a hearing on April 3, 2019, upon the Plaintiffs' *Motion for Summary Judgment on Count I of its First Amended Complaint* [D.E. 34] ("Motion for Summary Judgment"), Defendant's Response [D.E. 45] and *Affidavit of Arturo Garcia in Support of Defendant's*

*Response to Motion for Summary Judgment on Count I of its First Amended Complaint* [D.E. 46] ("Arturo Affidavit") thereto. After having carefully considered the pleadings, court file, argument of the parties, and being otherwise duly advised in the premises, the Court denies the Motion for Summary Judgment [D.E. 34].

Federal Rule of Civil Procedure 56(a)[1] states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Substantive law determines the materiality of facts, and the court will not consider "irrelevant or unnecessary" factual disputes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant bears the burden of "informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted in original). In making its decision, the court must view the evidence in the "light most favorable" to the non-moving party. *Barfield v. Brierton*, 883 F.2d 923, 923 (11th Cir. 1989).

Here, Plaintiffs' Complaint objects to Defendants' discharge pursuant to 11 U.S.C. § 727(a)(3), [D.E. 12]. Court finds that there are genuine disputes of material fact in the instant case. Thus, the Court finds that summary judgment, at this juncture, is inappropriate.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment [D.E. 34] is **DENIED without prejudice**.

###

*The Clerk shall provide copies of this Order to:*
Plaintiff
Defendant

---

[1] Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56(a) into these proceedings.